# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-264V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
SHARON CAIN,                       *
                                   *          Chief Special Master Corcoran
              Petitioner,          *
                                   *
      v.                           *          Filed: April 5, 2022
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Joseph A. Vuckovich*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On February 23, 2017, Sharon Cain filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program"), alleging a left shoulder injury after receipt of the flu vaccine.[2] ECF No. 1. Although an entitlement hearing was held in the matter on May 18, 2021, prior to a decision the parties filed a Stipulation as to a damages award, which was entered on December 29, 2021. Decision, dated Dec. 29, 2021 (ECF No. 79).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 29, 2022 (ECF No. 84) ("Fees Mot."). Petitioner requests $161,009.00 ($146,260.40

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

in fees, plus $14,748.60 in costs), based on all work performed on the matter by four attorneys (Mr. Joseph Vuckovich, Ms. Jessica Olins, Ms. LeeAnne Pedrick, and Mr. Altom M. Maglio), and several paralegals. Ex. 38. Respondent reacted to the final fees request on March 30, 2022. Response, dated Mar. 30, 2022 (ECF No. 85) ("Response"). Respondent states that the Petitioner has "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and asks that I exercise my discretion in determining a reasonable award for attorneys' fees and costs. Response at 2–3. Petitioner submitted a reply on March 30, 2022. Reply, dated Mar. 30, 2022 (ECF No. 86) ("Reply").

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$161,009.00** reflecting $146,260.40 in attorney's fees and $14,748.60 in costs.

## ANALYSIS

### I.      Calculation of Fees

Because this was a successful case resulting in compensation, the Petitioner is entitled to a fees award under the Act. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

| Attorney | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|
| Mr. Joseph Vuckovich | $275.00 | $290.00 | $300.00 | $315.00 | $345.00 | $370.00 | $385.00 |
| Mr. Altom Maglio | - | - | - | $400.00 | - | - | |
| Ms. LeeAnne Pedrick | - | - | - | - | - | $195.00 | $220.00 |
| Ms. Jessica Olins | - | - | - | - | - | $266.00 | $290.00 |
| **Paralegal** | | | | | | | |
| Ms. Kimberly Dutra | $135.00 | - | $148.00 | $154.00 | $160.00 | $165.00 | $170.00 |
| Ms. Emily Monahan | $135.00 | $145.00 | $148.00 | - | - | - | |
| Ms. Rosa Salgado | - | $145.00 | - | - | - | - | |
| Ms. Tammie Adeyanju | - | $145.00 | $148.00 | - | - | - | |
| Ms. Tara Thorn | - | - | $148.00 | - | - | - | |
| Ms. Katherine Ochoa Castillo | - | - | - | $154.00 | - | - | |
| Ms. Mandy Houston | - | - | - | $145.00 | - | - | |

*See* Ex. 38.

Mr. Vuckovich and the other Maglio Firm attorneys participating in this case practice in Washington, DC, which is within the forum.[3] Accordingly, they are entitled to the rates established in *McCulloch. See Webb v. Sec'y of Health & Hum. Servs.*, No. 16-1627V, 2019 WL 2153278, at *2 (Fed. Cl. Spec. Mstr. Nov. 9, 2018). The rates requested for all attorneys and paralegals are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule and previous interim fees decision in this case as well.[4] *Arya v. Sec'y of Health & Hum. Servs.*, No. 17-425V, 2021 WL 5854061 at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2021) (awarding Mr. Vuckovich's rates from 2017–2021); *Nore v. Sec'y of Health & Hum. Servs.*, No. 20-0919V, 2021 WL 6285673 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2021) (awarding Ms. Pedrick's 2021 requested rate); *Kahn v. Sec'y of Health & Hum. Servs.*, No. 19-182V, 2022 WL 854905 at *2 (Fed. Cl. Spec. Mstr. Feb. 16, 2022) (awarding Ms. Olins's 2021 requested rate). Other requested rates fit within the fees schedule even if they have not previously been awarded. And I deem the time devoted to this matter over the course of over five years to be reasonable, so all requested attorney and paralegal time will be awarded.

## II.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $14,748.60 in costs, mostly for the expert opinion and testimony of Dr. Benjamin Busfield. Ex. 39 at 1–2. The total request for Dr. Busfield's work is $12,125.00, based upon 24.25 hours of work at a rate of $500.00 per hour. *Id.* at 29, 44, 67. The rest of the requests were for transcripts, postal costs, medical records, and reasonable travel. *See id.* I find all such costs to have been reasonably incurred, and the expert rates to be acceptable and consistent with what has been previously granted in prior Program cases. As noted, reasonable travel is allowed

---

[3] Although Mr. Maglio's primary office is in Florida, it has previously been determined that this location should be considered in forum. *Dezern v. Sec'y of Health & Hum. Servs.*, No. 13-643V, 2016 WL 6678496 at *4 (Fed Cl. Spec. Mstr. Oct. 14, 2016).

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 4, 2022).

by the statute. *Gonzales v. Sec'y of Health & Hum. Servs.*, No. 91-905V, 1992 WL 92200 at *3 (Fed. Cl. Spec. Mstr. Apr. 10, 1992).

## CONCLUSION

Based on the foregoing, and in my discretion in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion, awarding a total of **$161,009.00** ($146,260.40 in attorney's fees, and $14,748.60 in costs). This shall be through a jointly payable check to Petitioner and her attorney, Mr. Joseph Vuckovich. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.